# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. NICK CARL GREENWOOD, Defendant. | **MEMORANDUM DECISION AND ORDER** <br><br> Case No. 2:19-cv-249 <br><br> Chief Judge Robert J. Shelby <br><br> Chief Magistrate Judge Paul M. Warner |

The United States alleges Dr. Nick Carl Greenwood has abandoned the practice of legitimate medicine in favor of selling dangerous narcotics for profit. On that basis, the United States filed this action seeking civil penalties and injunctive relief.[1] The same day it initiated this suit, the United States filed a Motion for Preliminary Injunction asking the court to enjoin Dr. Greenwood from prescribing Schedule II and Schedule III controlled substances through his assigned United States Drug Enforcement Registration Number.[2] The Motion is fully briefed and ready for decision.

As explained more fully below, the United States errantly directs its evidence and argument only to a legal standard no longer available in the Tenth Circuit. Consequently, it has failed to meet its burden to demonstrate clear and unequivocal entitlement to the extraordinary relief of a preliminary injunction. The Motion for Preliminary Injunction is DENIED.

---

[1] Dkt. 2 (Complaint).

[2] Dkt. 3.

# I.  DISCUSSION

"A preliminary injunction is an extraordinary remedy never awarded as of right."[3]  A party may obtain injunctive relief only when traditional legal remedies are inadequate, and "the right to relief [is] clear and unequivocal."[4]  Rule 65 of the Federal Rules of Civil Procedure provides the vehicle for obtaining injunctive relief in federal court.  Ordinarily, a party seeking a preliminary injunction must show: "(1) the movant is substantially likely to succeed on the merits; (2) the movant will suffer irreparable injury if the injunction is denied; (3) the movant's threatened injury outweighs the injury the opposing party will suffer under the injunction; and (4) the injunction would not be adverse to the public interest."[5]

Citing *Fish v. Kobach*,[6] the United States recognizes in its briefing this traditional four element standard for injunctive relief.[7]  In the next sentence in its brief, however, the United States cites *Atchinson, T. & S.F. Ry. Co. v. Lennen*,[8] a 1981 Tenth Circuit decision, for the proposition that it need not prove all four injunction elements here because irreparable harm is presumed in cases like this – where a federal statute explicitly authorizes injunctive relief.[9]  On that basis, the United States represents that for it to obtain the requested injunction it "need only establish that 1) defendant has violated the statute; and 2) there exists 'some cognizable danger of recurrent violation.'"[10]  This is a misstatement of current controlling law.

---

[3] *First Western Capital Management Co. v. Malamed*, 874 F.3d 1136, 1141 (10th Cir. 2017) (quoting *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 24 (2008)).

[4] *Id.* (quoting *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005)).

[5] *Id*. (quoting *Fish v. Kobach*, 840 F.3d 710, 723 (10th Cir. 2016) (other citations omitted)).

[6] 840 F.3d 710 (10th Cir. 2016).

[7] Dkt. 3 at 3.

[8] 640 F.2d 255 (10th Cir. 1981).

[9] Dkt. 3 at 3.

[10] *Id.* (quoting *Roe v. Cheyenne Mountain Conference Resort*, 124 F.3d 1221, 1231 (10th Cir. 1997)).

As the court of appeals explained in the *Fish* decision cited by the United States, *Lennen* and other Tenth Circuit decisions following it "must be read in light of the Supreme Court's decision in *Weinberger v. Romero-Barcelo*."[11] The *Fish* Court went on to reject the same argument advanced here by the United States – that movants need not show irreparable harm where "the defendants are engaged in, or about to be engaged in, the act or practices prohibited by a statute which provides for injunctive relief to prevent such violations."[12] The court of appeals observed that following *Romero-Barcelo*, the Tenth Circuit has "held that only an 'unequivocal statement' by Congress may modify the courts' traditional equitable [injunction] jurisdiction."[13]

If there remained any doubt following *Fish* concerning the viability of the relaxed injunction standard advanced here by the United States, it was soundly resolved in a 2017 Tenth Circuit decision nowhere cited by the United States in its papers. In *First Western Capital Management Co. v. Malamed*,[14] the Tenth Circuit clearly stated the controlling standard for evaluating requested injunctive relief like that sought here:

> Under *Fish*, when a statute mandates injunctive relief as a remedy for a violation—or impending violation—of the statute, it has effectively constrained the courts' traditional discretion to determine whether such relief is warranted. In that case, courts presume irreparable harm and grant an injunction even if the moving party failed to show it. *But when a statute merely authorizes—rather than mandates—injunctive relief, courts must determine that the moving party has established all four elements to grant injunctive relief.*[15]

---

[11] *Fish*, 840 F.3d 710 at 751, n.24 (citing *Weinberger v. Romero-Barcelo*, 456 U.S. 305 (1982)).

[12] *Id.* (quoting *Lennen*, 640 F.2d at 259).

[13] *Id.* (quoting *Garcia v. Bd. of Educ.*, 520 F.3d 1116, 1129 (10th Cir. 2008)).

[14] 874 F.3d 1136 (10th Cir. 2017).

[15] *Id.* at 1141 (emphasis added).

3

In this case, the United States seeks injunctive relief authorized under the Controlled Substances Act (CSA), 21 U.S.C. §§843(f), 882(a).[16] In relevant part, the CSA provides: "In addition to any penalty provided in this section, the Attorney General is authorized to commence a civil action for appropriate declaratory or injunctive relief."[17] This is plainly permissive language that authorizes, but does not mandate, injunctive relief. For this reason, the court may grant injunctive relief only where it has concluded a movant "has established all four elements" of the traditional injunction analysis.[18]

Having errantly disavowed the governing four element injunction test, the United States offers in its papers no argument or evidence directed to that standard. The United States instead focuses exclusively on attempting to demonstrate that Dr. Greenwood has violated the CSA, and that there exists some cognizable danger of recurrent violations. This is plainly insufficient. The United States offers no argument that all four injunction elements are satisfied, and the court discerns no basis on which it can so find on the record and briefing before it.

## II. CONCLUSION

The United States has failed to meet its burden to show it is entitled to the extraordinary relief requested. Accordingly, its Motion for Preliminary Injunction is DENIED.

SO ORDERED this 7th day of August, 2019.

BY THE COURT:

_____
ROBERT J. SHELBY
Chief United States District Judge

---

[16] Dkt. 3.
[17] 21 U.S.C. § 843(f)(1).
[18] *Malamed*, 874 F.3d 1136 at 1141.